**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

TUESDAY S. BANNER, :
:
Plaintiff, :
:
v. : Civ. No. 14-691-LPS
:
DEPARTMENT OF HEALTH AND :
SOCIAL SERVICES DIVISION FOR THE :
VISUALLY IMPAIRED, et al., :
:
Defendants. :

---

Tuesday S. Banner, Bear, Delaware, Pro Se Plaintiff.

Lisa Ann Barchi, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendants Department of Health and Social Services - Division for the Visually Impaired, David Wesley, Robert Doyle, III, Genelle Fletcher, William Wharton, and Renee D'Amore.

Victoria Watson Counihan, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendant Pamela Barraclough.

**MEMORANDUM OPINION**

March 10, 2016
Wilmington, Delaware

**STARK, U.S. District Judge:**

## I. INTRODUCTION

Plaintiff Tuesday S. Banner. ("Plaintiff") filed this action pursuant to 42 U.S.C. § 1983, alleging retaliation for filing an anti-discrimination claim. (D.I. 2) She amended the Complaint to allege violations of the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA"), the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA"), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). (D.I. 6) Plaintiff proceeds *pro se* and was granted leave to proceed *in forma pauperis.* The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

Presently before the Court are Defendants' motions to dismiss (D.I. 21, 22), Plaintiff's oppositions, and Defendants' motions to strike the oppositions (D.I. 27, 28, 29).[1] For the reasons that follow, the Court will grant Defendant Pamela Barraclough's motion to dismiss (D.I. 21), and will grant in part and deny in part the motion to dismiss (D.I. 22) filed by Defendants Department of Health and Social Services - Division for the Visually Impaired, David Wesley, Robert Doyle, III, Genelle Fletcher, William Wharton, and Renee D'Amore.

## II. BACKGROUND

Pending in this Court in a related action is a Title VII employment discrimination action filed by Plaintiff against her former employer, Department of Health and Social Services Division for the Visually Impaired ("DHSS"), that is based upon many of the same events as outlined in the instant Complaint and its Amendment. *See Banner v. Department of Health and Social Services Division for the Visually Impaired*, Civ. No. 13-1625-LPS (filed September 30, 2013). The instant Complaint, filed

[1]The Court considers Plaintiff's oppositions and, therefore, will deny Defendants' motions to strike. (D.I. 27, 28, 29)

against DHSS, as well as Defendants David Wesley ("Wesley"),[2] Robert Doyle, III ("Doyle"),[3] and Genelle Fletcher ("Fletcher"),[4] raises retaliation claims pursuant to 42 U.S.C. § 1983.[5] (*See* D.I. 2)

The Complaint alleges that wrongful acts occurred July 23 to July 25, 2012, when Plaintiff was terminated in retaliation for having filed an anti-discrimination claim with the Delaware Department of Labor ("DDOL"). Plaintiff alleges that after she filed the claim, she "received harassment" from Doyle, Fletcher, and Welsey. Plaintiff called out sick in July 2012 and alleges that she received a suspension even though she was covered under the FMLA. The reason given for the suspension was "no call, no show." After Plaintiff challenged the suspension with the Merit Employee Relations Board ("MERB"), the reason for the suspension was changed to Plaintiff arriving late for work during the previous month. Plaintiff alleges that Fletcher presented a perjured statement that the MERB relied upon in its decision denying Plaintiff's appeal. Attached to the Complaint is a notice of suit rights for EEOC Case No. 17C-2012-00575 ("Charge II"). (D.I. 2 at 9)

The Amended Complaint adds violations of the ADA, "as an addition with Title VII of the Civil Rights Act of 1964." (D.I. 6 at 2) It also adds as Defendants William Wharton ("Wharton"),[6] Renee D'Amore ("D'Amore"),[7] and Pamela Barraclough ("Barraclough").[8] (*See id.* at 1) Attached to

---

[2]Human relations representative.

[3]Former Director for the Division of the Visually Impaired.

[4]Plaintiff's former supervisor.

[5]Section 1983 is not mentioned in the Complaint. However, Plaintiff cites the statute in the Civil Cover Sheet. (D.I. 2 at 2-1)

[6]DHSS labor relations specialist.

[7]It is not clear if D'Amore is a DHSS human resources specialist or a former human resource specialist for the Division of Management Services. She is described as both.

[8]DDOL claims deputy.

the Amended Complaint is charge of discrimination No. 17C-2012-00342 ("Charge I"), filed April 16, 2012. (*See* D.I. 6 at 4) The Amended Complaint seeks damages and remedies "resulting from acts of sexual harassment, religious and disability discrimination, [and] violations of Family Medical Leave Act, and retaliation" against DHSS, Wesley, Doyle, Fletcher, and Wharton. (D.I. 6 at 1) It states that: (1) Wharton is added "in lieu of his religious discrimination and retaliatory actions against Plaintiff after [] Wharton was made aware of Plaintiff's issues with [] Doyle," (2) D'Amore is added "in lieu of her retaliatory acts during her involvement with Plaintiff's unemployment insurance benefits claim;" and (c) Barraclough is added "in lieu of her retaliatory acts involving Plaintiff's unemployment insurance benefits compensation claim." (*Id.* at 2) The Amended Complaint alleges that D'Amore falsified and misrepresented documents and testimony while representing the DHSS in Plaintiff's appeal for unemployment insurance compensation benefits and that Barraclough committed retaliatory acts when she denied Plaintiff's unemployment insurance compensation benefits. (*See* D.I. 6 at 3)

Charge I, No. 17C-2012-00342, filed April 16, 2012 (relied upon in the instant Amended Complaint at D.I. 6), is one of two charges of discrimination which Plaintiff raised in her Title VII employment discrimination case, Civ. No. 13-1625-LPS. (*See* Civ. No. 13-1625, D.I. 14 at 5) Charge I asserts discrimination based upon religion and retaliation when Plaintiff was suspended. (*Id.*) Charge I states that, on March 16, 2012, Plaintiff was suspended for not informing the chain of command about out-of-office breaks, although Plaintiff followed the chain of command when she informed the next available person that she was leaving her work station. (*Id.*) Plaintiff states that she did not have any other disciplines related to failure to follow the chain of command and alleges that the suspension was actually due to retaliation for religious discrimination and sexual harassment. (*Id.*)

Charge II, No. 17C-2012-00575, which is also raised in the related Title VII case (*see id.* at 6), was filed on September 11, 2012 (and is relied upon in the instant Complaint at D.I. 2).[9] In Charge II, Plaintiff asserts continuing retaliation beginning July 23, 2012, when she was subjected to harassment as a result of having filed a charge of discrimination against the DHSS on or about March 26, 2012. (*Id.*) Plaintiff stated that DHSS suspended her for three days in retaliation for having filed the charge. (*Id.*)

## III. LEGAL STANDARDS

Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

---

[9]On July 30, 2015, the Court granted Defendant's motion to dismiss Charge II in Civ. No. 13-1625-LPS, for failure to exhaust administrative remedies, after Plaintiff failed to produce a notice of suit rights letter, did not offer an explanation for the failure to produce evidence of administrative exhaustion, and did not argue that tolling was appropriate. (*See* Civ. No. 13-1625-LPS D.I. 22 at 7) As is evident from the filing in this case, Plaintiff received a notice of suit rights letter for Charge II, dated February 21, 2014. However, inexplicably, she did not provide the court with a copy of the notice of suit rights in opposition to the motion to dismiss filed in Civ. No. 13-1625-LPS, and the claims based upon Charge II were dismissed.

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Iqbal*, 556 U.S. at 678 and *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

## IV. DISCUSSION

Defendants move to dismiss the Complaint and its Amendment. (*See* D.I. 21, 22) Plaintiff opposes the motion and, in doing so, adds numerous allegations not included in the Complaint or its amendment. Plaintiff may not amend her claims via her opposition to the motions to dismiss. *See Commonwealth of Pa. ex rel. Zimmerman v. Pepsico, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988).

### A. Eleventh Amendment Immunity

Defendants move to dismiss the claims against them on the grounds that they are immune from suit under the Eleventh Amendment. They argue that the individual Defendants were acting in their official capacities when they interacted with Plaintiff.

The Complaint (D.I. 2) raises 42 U.S.C. § 1983 claims, and the Amended Complaint (D.I. 6) alleges violations of the FMLA, the ADA, and Title VII. The DHSS and individual Defendants, acting in their official capacities, have sovereign immunity for claims raised against them under 42 U.S.C. § 1983, Titles I and V of the ADA,[10] and the FMLA.

The Eleventh Amendment to the United States Constitution states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. While the Eleventh Amendment does not explicitly bar suits against a state by its own citizens, the Supreme Court has established that "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of

[10]Plaintiff attempts to allege discrimination and retaliation under Title I and Title V of the ADA. (D.I. 6 at 1-2) The Amended Complaint speaks to disability discrimination and retaliation in the workplace. These claims come under Title I and Title V of the ADA. 42 U.S.C. §§ 12101-12213. Title I prohibits an employer "[from] discriminat[ing] against a qualified individual on the basis of disability in regard to . . . employment." *Id.* § 12112. Title V prohibits retaliation "against any individual because such individual has opposed any act or practice made unlawful by [the ADA]." *Id.* § 12203.

another state." *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). Sovereign immunity extends not only to states, but also to state agencies that qualify as an "arm of the state," and acts as "a jurisdictional bar which deprives federal courts of subject matter jurisdiction." *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429-30 (1997); *see also Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693 n.2 (3d Cir. 1996); *Harrison v. Henry*, 2009 WL 464260 (D. Del. Feb. 24, 2009) (DHSS is arm of State of Delaware for sovereign immunity purposes). In addition, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (internal citations omitted); *see also Ali v Howard*, 353 F. App'x 667, 672 (3d Cir. Nov. 16, 2009). Congress can waive a state's sovereign immunity, but to do so it must unequivocally express its intent. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 55, 59 (1996).

Delaware has not waived its immunity from suit in federal court. Although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983. *See Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. Jan. 11, 2007). Nor do Title I or Title V of the ADA "abrogate state sovereign immunity." *Karam v. Del. Div. of Servs. for Children, Youth and Their Families*, 2010 WL 5343182, at *3-4 (D. Del. 2010). "The Supreme Court has held that the ADA's express abrogation of sovereign immunity is unconstitutional as to Title I claims because Congress did not establish that Title I was intended to remedy or deter violations of the Fourteenth Amendment's guarantees." *Id.* at *3. Thus, "Title I was not within Congress' Fourteenth Amendment power, and, therefore, [Congress] cannot abrogate state sovereign immunity" with respect to this Title. *Id.* In addition, "[t]he law is settled that [a plaintiff] may not recover in federal court under Title I of the ADA for . . . discrimination claims against the State." *Flax v. Delaware Div. of Family Servs.*, 2008 WL 1758857, at *7 (D. Del. Apr. 16, 2008). With regard to Title V of the

ADA, "[n]either the Supreme Court nor the Third Circuit has decided whether Title V is a valid abrogation of state sovereign immunity." *Karam*, 2010 WL 5343182, at *3. Nevertheless, relevant case law makes clear there is a "general principle that a Title V claim is barred if the underlying claim is barred by sovereign immunity." *Id.* at *4. Thus, a defendant is immune from suit in connection with a Title V claim if that claim is premised on a defendant's alleged violation of Title I. *See id.*

Finally, DHSS and the individual Defendants, in their official capacities, are immune from suit for the claims raised by Plaintiff under the FMLA. Plaintiff claims that Defendants violated the FMLA when she was suspended for taking medical leave that was covered under the FMLA. (D.I. 2 at 5-7) Under federal law, state sovereign immunity for enforcement of the self-care provisions of the FMLA is well-established. The FMLA is judicially divided between sections classified as family-care and self-care. *See Harrison*, 2009 WL 464260, at *4 . The family-care provisions are found under 29 U.S.C. §§ 2612(a)(1)(A), (B), and (C). *See id.* The self-care provision, found under 29 U.S.C. § 2612(a)(1)(D), speak to FMLA leave "[b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee." *Id.* Plaintiff's allegations that she called in sick due to the harassing actions of management (for which she was prescribed medication) fall under the self-care provision of the FMLA.[11] (D.I. 2 at 4-5) Relevant precedent establishes that "the FMLA's self-care provisions do not validly abrogate state sovereign immunity." *Karam*, 2010 WL 5343182, at *5; *see also Harrison*, 2009 WL 464260, at *4 (citing *Chittister v. Department of Cmty. and Econ. Dev.*, 226 F.3d 223 (3d Cir. 2000)). Consequently, because the FMLA does not abrogate sovereign immunity in connection with self-care related claims, the Court

[11]Where FMLA leave is requested to care for one's own medical condition, the leave falls under the self-care provisions of the FMLA. *See Harrison*, 2009 WL 464260, at *15.

concludes that DHSS and the individual Defendants, in their official capacities, are immune from suit.

Based upon the foregoing, the Court concludes that DHSS and the individual Defendants, in their official capacities, are entitled to sovereign immunity with respect to Plaintiff's claims filed pursuant to 42 U.S.C. § 1983, Title I of the ADA, and Title V of the ADA (because it appears the retaliation claim is premised on alleged discrimination under Title I of the ADA), and the FMLA. Accordingly, the Court will grant the motions to dismiss these claims raised against the DHSS and the individual Defendants acting in their official capacities.

**B. Title VII**

Defendants move to dismiss the Title VII claims on the grounds that Plaintiff fails to state a claim upon which relief may be granted. The motion relates to Plaintiff's claims of sex discrimination, religious discrimination, and retaliation. As discussed above, also pending in this Court is Plaintiff's employment discrimination case, Civ. No. 13-1625-LPS, against DHSS, that raises claims of sexual harassment, religious discrimination, and retaliation based upon Charge I. To the extent Plaintiff attempts to raise those same claims again in this case, the Court will grant Defendants' motion to dismiss, as here such claims are duplicative.

The individual Defendants also move to dismiss the Title VII claims raised against them. The only proper defendant in a Title VII case is the employer. *See Foxworth v. Pennsylvania State Police*, 2005 WL 840374, at *4 (E.D. Pa. Apr. 11, 2005), *aff'd*, 228 F. App'x 151 (3d Cir. Feb. 1, 2007). Hence, to the extent Plaintiff seeks to raise Title VII claims against individual Defendants Wesley, Doyle, Fletcher, Wharton, D'Armore, and Barraclough, the claims fail as a matter of law and will be dismissed. *See Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d 1061, 1077-78 (3d Cir. 1996) (noting that individual employees cannot be held liable under Title VII).

Finally, to the extent that Plaintiff seeks to raise employment discrimination claims against DHSS by reason of retaliation as set forth in Charge II, the claim is time-barred. A claim brought under Title VII must be filed within ninety days of a plaintiff's receipt of the notice of suit rights letter. *See* 42 U.S.C. § 2000e-5(f)(1); *McGovern v. City of Phila.*, 554 F.3d 114, 115 n.1 (3d Cir. 2009). The ninety-day filing period is regarded as a statute of limitations and, therefore, is subject to the doctrine of equitable tolling. *See Burgh v. Borough Council of the Borough of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001). Equitable tolling is generally appropriate in Title VII cases only when "the defendant has actively misled the plaintiff; when the plaintiff 'in some extraordinary way' was prevented from asserting her rights; or when the plaintiff timely asserted her rights in the wrong forum." *Seitzinger v. Reading Hosp. and Med. Ctr.*, 165 F.3d 236, 240 (3d Cir. 1999). A plaintiff bears the burden to show that equitable tolling is warranted. *See Podobnik v. United States Postal Serv.*, 409 F.3d 584, 591 (3d Cir. 2005).

While statute of limitations ordinarily must be raised as an affirmative defense, and is subject to principles of waiver if not timely asserted, a district court has authority to dismiss an *in forma pauperis* complaint *sua sponte* under § 1915(e) if the limitations defense is obvious from the complaint, and if no development of the factual record is required. *See Carter v. Keystone*, 360 F. App'x 271, 272-73 (3d Cir. Jan. 13, 2010) (affirming *sua sponte* dismissal of Title VII action when face of complaint plainly indicated complaint was filed well after expiration of ninety-day period to bring suit).

The notice of suit rights for Charge II is dated February 21, 2014. (D.I. 2 at 9) Plaintiff, however, did not commence this action until June 2, 2014, approximately 101 days from February 21, 2014. The Court finds that the Complaint was not timely filed even when additional time is included for service by mail. *See* Fed. R. Civ. P. 6(d). In addition, as previously discussed, Plaintiff

raised claims based upon Charge II in Civ. No. 13-1625-LPS, and those claims were dismissed. No persuasive reason is apparent for giving Plaintiff another "bite at the apple." *See Carter*, 360 F. App'x at 273. Therefore, the Court will grant Defendants' motions to dismiss the Title VII claims.

**C. ADA**

The Amended Complaint alleges "disability discrimination" and attempts to add claims under the ADA. (D.I. 6) The sparse and conclusory allegations provided by Plaintiff do not meet the pleading requirements of *Iqbal* and *Twombly*. *See Turner v. Hershey Chocolate USA*, 440 F.3d 604, 611 (3d Cir. 2006). To plead a claim under Title I of the ADA, a plaintiff must allege facts making it plausible that he or she "(1) has a 'disability,' (2) is a 'qualified individual,' and (3) has suffered an adverse employment action because of that disability." *Id.* In addition, it is far from clear if Plaintiff alleges retaliation under the ADA. *See Williams v. Phila. Hous. Auth. Police Dep't*, 380 F.3d 751, 759 (2004) ("[T]o establish a *prima facie* case of illegal retaliation under the anti-discrimination statutes, a plaintiff must show: (1) protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action."). Nor is the Court able to discern which Defendant or Defendants the claims are directed towards or when the alleged ADA discrimination occurred.

Finally, before seeking judicial relief under the ADA, a plaintiff must exhaust her administrative remedies. *See Robinson v. Dalton*, 107 F.3d 1018, 1020 (3d Cir. 1997) (stating basic tenant of administrative law that all administrative remedies must be exhausted, in order to promote efficiency, respect administrative autonomy, provide courts with benefit of an agency's expertise, and serve judicial economy). To properly exhaust administrative remedies under the ADA, a plaintiff must follow the administrative procedures set forth in Title VII, 42 U.S.C. § 2000e-5. *See*

*Churchill v. Star Enter.*, 183 F.3d 184, 190 (3d Cir. 1999). The Court is unable to discern if Plaintiff has exhausted her administrative remedies for her ADA claims.

As discussed above, Plaintiff failed to plead sufficient facts to support an ADA claim. Therefore, the Court will grant Defendants' motion to dismiss the ADA claims. Plaintiff will be given leave to amend. Should Plaintiff choose to file an amended complaint to sufficiently allege ADA claims, she should also provide the Court with evidence that she exhausted her administrative remedies as to the ADA claims.

**D.    FMLA**

The Amended Complaint alleges that Defendants Wesley, Doyle, Fletcher, and Wharton violated the FMLA.[12] While unclear, it appears that Plaintiff alleges the foregoing Defendants violated the FMLA when she called in sick and later received a suspension even though the time she was out was covered under the FMLA. Defendants move to dismiss for failure to state a claim upon which relief may be granted.

"The primary purposes of the FMLA are to 'balance the demands of the workplace with the needs of families' and to entitle employees to take reasonable leave for medical reasons.'" *Callison v. City of Phila.*, 430 F.3d 117, 119 (3d Cir. 2005) (quoting 29 U.S.C. § 2601(b)(1) and (2)). To achieve these purposes, the FMLA provides employees two potential claims for which to seek redress:

---

[12]Under the FMLA, an "employer" is "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer." 29 U.S.C. § 2611(4)(A)(ii)(I). Such language "plainly contemplates that liability for FMLA violations may be imposed upon an individual person who would not otherwise be regarded as the plaintiff's 'employer.'" *Haybarger v. Lawrence Cnty. Adult Prob. & Parole*, 667 F.3d 408, 413 (3d Cir. 2012). "[T]his language means that an individual is subject to FMLA liability when he or she exercises 'supervisory authority over the complaining employee and was responsible in whole or part for the alleged violation' while acting in the employer's interest." *Id.* at 417.

(1) interference with their rights under the FMLA; and (2) retaliation for exercising these rights. *See id.*

It is not clear if Plaintiff raises an interference claim, a retaliation claim, or both. Similar to the ADA claim, the FMLA claims fall short of the pleading requirements of *Iqbal* and *Twombly*. Therefore, the Court will grant Defendants' motions to dismiss the claims. Plaintiff will be given leave to amend the claims.

**E. 42 U.S.C. § 1983**

Plaintiff seeks recovery under 42 U.S.C. § 1983, alleging that Wesley, Doyle, and Fletcher retaliated against her for filing an anti-discrimination claim with DDOL.[13] (D.I. 2) Defendants move for dismissal on the ground that Plaintiff is precluded from raising this claim under § 1983.

Because Plaintiff alleges she was retaliated against for filing an anti-discrimination claim with the DDOL, her allegations are raised under the ambit of Title VII. "When the remedial devices provided in a particular Act are sufficiently comprehensive, they may suffice to demonstrate congressional intent to preclude the remedy of suits under § 1983." *Middlesex Cnty. Sewerage Auth. v. National Sea Clammers Ass'n*, 453 U.S. 1, 20 (1981). Title VII is the "exclusive remedy for federal employment retaliation discrimination," and it precludes a plaintiff from bringing a stand-alone claim of employment retaliation under § 1983. *Madden v. Runyon*, 899 F. Supp. 217, 225 (E.D. Pa. 1995). Hence, a "claim of retaliation cannot be the sole basis for a § 1983 claim where there is no violation of the Constitution or federal law, other than the retaliation provision of Title VII."[14] *Price*

[13]As previously discussed, DHSS is immune from suit for claims raised under § 1983.

[14]To maintain a First Amendment retaliation claim, a plaintiff must establish that: (1) she engaged in an activity protected by the First Amendment; (2) the employer took a retaliatory action that was "sufficient to deter a person of ordinary firmness from exercising her constitutional rights;" and (3) there was a casual link between the protected conduct and the adverse action. *Thomas v. Independence Twp.*, 463 F.3d 285, 296 (3d Cir. 2006). Private, ordinary employment disputes between

*v. Delaware Dep't of Corr.*, 40 F. Supp. 2d 544, 558 (D. Del. 1999). Therefore, Plaintiff is precluded from bringing a § 1983 claim for retaliation; she has not sufficiently pled a claim for discrimination under the Equal Protection Clause or other conduct that violated the Constitution or any federal law other than the retaliation provision of Title VII. *See Braddock v. SEPTA*, 2014 WL 2764862, at *6 (E.D. Pa. June 18, 2014).

Accordingly, the Court will grant Defendants' motions to dismiss the § 1983 retaliation claim. However, the Court will give Plaintiff leave to amend to the extent she is able to allege that Defendants' retaliatory conduct violated her right to equal protection or other rights created by the Constitution or federal laws other than Title VII.

**E. Deficient Pleading**

Barraclough and D'Amore move to dismiss the claims raised against them in the Amended Complaint. As to Barraclough, Plaintiff alleges "retaliatory acts involving Plaintiff's unemployment insurance benefits compensation claim," "specifically denying Plaintiff's unemployment insurance compensation benefits." (D.I. 6 at 2-3) The claim against Barraclough, as it now stands, does not contain sufficient factual allegations to state a claim against her.[15]

As to D'AMore, Plaintiff alleges "retaliatory acts during her involvement with Plaintiff's unemployment insurance benefits claim," in that she falsified and misrepresented documents and

---

an employee and his or her supervisors are not considered protected speech. *See Rearick v. Spanier*, 523 F. App'x 198, 199 (3d Cir. July 1, 2013).

[15]Although not raised, Barraclough is more likely than not shielded from liability by the absolute immunity afforded quasi-judicial actors. *See, e.g., Calderon v. Connecticut*, 2007 WL 3124717 (D. Conn. Oct. 24, 2007) (department of labor officials who ruled against plaintiff's application for unemployment benefits were entitled to quasi-judicial immunity); *Vance v. Watts*, 2007 WL 924259 (C.D. Ill. Mar. 27, 2007) (same); *Madden v. Chattanooga City Wide Service Dep't*, 2007 WL 895708 (E.D. Tenn. Mar. 21, 2007) (same); *Howard v. Food Lion, Inc.*, 232 F. Supp. 2d 585 (M.D.N.C. 2002) (same); *see also Waits v. McGowan*, 516 F.2d 203, 205-206 (3d Cir. 1975).

testimony while representing DHSS in Plaintiff's appeal for unemployment insurance compensation benefits. Similar to the claim against Barraclough, the claim against D'Amore does not contain sufficient factual allegations to state a claim against her.[16]

The scant and conclusory allegations fail to meet the pleading requirements of *Iqbal* and *Twombly*. Plaintiff does not indicate when the alleged retaliatory actions took place, whether the claims are raised against Barraclough and D'Amore in their individual or official capacities; nor does she identify any type of protected activity necessary to raise a retaliation claim. Finally, Plaintiff appears to raise the claims under Title VII but, as discussed above, a Title VII retaliation claim cannot lie against an individual defendant such as Barraclough or D'Amore.[17]

Having reviewed the allegations, the Court finds that Plaintiff has failed to state plausible claims for relief against Barraclough and D'Amore.[18] Therefore, the Court will grant Defendant's motion to dismiss the claims.

---

[16]Although not raised, D'Amore's actions appear to fall under the umbrella of the absolute litigation privilege. *See Barker v. Huang*, 610 A.2d 1341, 1345, 1349 (Del. 1992).

[17]The original Complaint was filed pursuant to § 1983, while the Amended Complaint added other statutes including Title VII and the ADA. Because Barraclough and D'Amore were not mentioned in the original complaint, the Court does not construe Plaintiff's allegations as raising § 1983 claims against either of them.

[18]Attached to Plaintiff's August 11, 2015 letter to the court is the Referee's Decision, dated May 22, 2015, finding Plaintiff eligible to receive unemployment insurance benefits.

## V. CONCLUSION

For the above reasons, the Court will: (1) deny Defendants' motion to Strike (D.I. 27, 28, 29); (2) grant Barraclough's motion to dismiss (D.I. 21); and (3) grant in part and deny in part the motion to dismiss (D.I. 22) filed by DHSS, Wesley, Doyle, Fletcher, Wharton, and D'Amore. All claims against DHSS and D'Amore will be dismissed. Plaintiff will be given leave to amend the ADA, FMLA claims, and the 42 U.S.C. § 1983 claims.

An appropriate Order will be entered.