## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TUESDAY S. BANNER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 14-691-LPS |
| | : | |
| DAVID WESLEY, et al., | : | |
| | : | |
| Defendants. | : | |

Tuesday S. Banner, New Castle, Delaware, Pro Se Plaintiff.

John H. Taylor, III, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendants David Wesley, Robert Doyle, III, Genelle Fletcher, and William Wharton.

## MEMORANDUM OPINION

March 17, 2017
Wilmington, Delaware


MAR 1 7 2017

STARK, U.S. District Judge:

## I.    INTRODUCTION

Plaintiff Tuesday S. Banner. ("Plaintiff") proceeds *pro se* and was granted leave to proceed *in forma pauperis*. She filed this action pursuant to 42 U.S.C. § 1983, alleging retaliation for filing an anti-discrimination claim, and then amended to allege violations of the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA"), the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA"), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). (D.I. 2, 6) The Court dismissed the Amended Complaint and gave Plaintiff leave to amend the ADA, FMLA, and 42 U.S.C. § 1983 claims. (D.I. 31, 32) Plaintiff filed an Second Amended Complaint on March 31, 2016. (D.I. 33) The Court has jurisdiction pursuant to 28 U.S.C. § 1331. Presently before the Court are Defendants' motion to dismiss, Plaintiff's opposition, and Defendants' reply. (D.I. 36, 44, 45) For the reasons that follow, the Court will grant Defendants' motion. Plaintiff will be given leave to amend two FMLA claims raised against Fletcher.

## II.    BACKGROUND

On March 10, 2016, Plaintiff was given leave to amend the ADA, FMLA, and § 1983 claims. Plaintiff's Second Amended Complaint appears to assert: (1) 42 U.S.C. § 1983 retaliation and substantive due process claims against Defendants David Wesley ("Wesley"), William Wharton ("Wharton"), Robert Doyle, III ("Doyle"), and Genelle Fletcher ("Fletcher"); (2) FMLA retaliation claims against Doyle and Fletcher; and (3) ADA claims against Doyle and Fletcher.[1] The Second

---

[1]The first page of the Second Amended Complaint references a Title VII employment discrimination claim pursuant to 42 U.S.C. §§ 2000e. The claim was dismissed as discussed in the March 10, 2016 memorandum and order. Plaintiff was not given leave to amend the claim and may not reinstate it through amendment.

1

Amended Complaint alleges wrongful acts occurring from December 2, 2009 to December 31, 2014 that resulted in the termination of Plaintiff's employment.

## III. LEGAL STANDARDS

Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Second Amended Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). Defendant moves for dismissal pursuant to Rule 12(b)(1) and 12(b)(6).

### A. Rule 12(b)(1)

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits the dismissal of an action for "lack of subject matter jurisdiction." A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction. *See Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 357-58 (3d Cir. 2014). In reviewing a facial attack, "the court must only consider the' allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Id.* at 358 (quoting *In re Schering Plough Corp. v. Intron*, 678 F.3d 235, 243 (3d Cir. 2012)). In reviewing a factual attack, the court may consider evidence outside the pleadings. *Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

### B. Rule 12(b)(6)

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as

2

true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Iqbal*, 556 U.S. at 678 and *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a

3

plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

## IV.    DISCUSSION

### A.    Eleventh Amendment Immunity

Defendants move to dismiss the claims raised against them in their official capacities based upon Eleventh Amendment immunity. They contend that Plaintiff has not explicitly stated, nor alleged, in the Second Amended Complaint, her intent to bring suit against them in their individual capacities. Given Plaintiff's *pro se* status, the Court liberally construes the Second Amended Complaint as raising claims against Defendants in their individual and official capacities.

The Court has already ruled on the issue of Eleventh Amendment immunity and sees no need to address the issue once again. As previously determined, Defendants, in their official capacities, are entitled to sovereign immunity with respect to Plaintiff's claims filed pursuant to 42 U.S.C. § 1983, Title V of the ADA, and the FMLA. (*See* D.I. 31, 32) Therefore, the Court will grant the motion to dismiss the claims raised against Defendants in their official capacities.

### B.    42 U.S.C. § 1983

Plaintiff seeks recovery under 42 U.S.C. § 1983. She alleges that Wesley, Wharton, Doyle, and Fletcher were placed on notice of a hostile work environment when, between January 15, 2010 and December 6, 2012, she submitted grievances, filed a lawsuit, sought leave under the FMLA, was involuntarily removed from her work by her physician due to work-related stress (among other things), was granted short-term disability, and was undergoing mental health treatment. Plaintiff alleges that Welsey and Wharton had a statutory obligation, under Delaware law and constitutional provisions, to report the harassment to the Cabinet Secretary, but did not do so. She alleges retaliation on the grounds that Wesley and Wharton did not file a report in order to protect their

4

friend, Doyle, from exposure and to make the Cabinet Secretary believe that Plaintiff was the culprit, all of which resulted in the termination of her employment. Finally, she alleges that Welsey and Wharton violated her substantive right to due process, again in order to protect their friend. The Second Amended Complaint alleges that Doyle and Fletcher participated in the retaliation and violated Plaintiff's right to substantive due process under § 1983 "by their awareness of the hostility" between themselves and Plaintiff, yet did not report this to their superiors. Instead, Doyle denied Plaintiff's grievances at step-one to ensure that her "cries" would go unheard.

Defendants move for dismissal on the grounds that Plaintiff's due process claims are conclusory and unsupported and that she alleges violations of Delaware statutes or policies and not rights under United States Constitution or laws, as is required for a § 1983 claim. Plaintiff responds that the fact that she prevailed in her State unemployment claim and the Department of Health and Human Services did not appeal indicates there was a clear violation of her right to due process.

Plaintiff once against attempts to raise a Title VII claim under the umbrella of a § 1983 claim. She repeatedly refers to Defendants' awareness of a hostile work environment and alleges they allowed it to continue. As discussed in the Court's March 10, 2016 Memorandum Opinion, Title VII is the "exclusive remedy for federal employment retaliation discrimination," and it precludes a plaintiff from bringing a stand-alone claim of employment retaliation under § 1983. *Madden v. Runyon*, 899 F. Supp. 217, 225 (E.D. Pa. 1995). Hence, a "claim of retaliation cannot be the sole basis for a § 1983 claim where there is no violation of the Constitution or federal law, other than the retaliation provision of Title VII." *Price v. Delaware Dep't of Corr.*, 40 F. Supp. 2d 544, 558 (D. Del. 1999).

Under § 1983, to maintain a First Amendment retaliation claim, a plaintiff must establish that: (1) she engaged in an activity protected by the First Amendment; (2) the employer took a

5

retaliatory action that was "sufficient to deter a person of ordinary firmness from exercising her constitutional rights"; and (3) there was a casual link between the protected conduct and the adverse action. *Thomas v. Independence Twp.*, 463 F.3d 285, 296 (3d Cir. 2006). Private, ordinary employment disputes between an employee and his or her supervisors are not considered protected speech. *See Rearick v. Spanier*, 523 F. App'x 198, 199 (3d Cir. July 1, 2013).

The conclusory allegations here do not rise to the level of retaliatory conduct. While the Second Amended Complaint alleges that Plaintiff engaged in activity protected by the First Amendment (grievances submitted in January 15, 2010, December 3, 2010, and May 10, 2012, as well as a lawsuit filed on April 30, 2012),[2] the allegations do not support the conclusion that Defendants' alleged failure to report the hostile work environment deterred Plaintiff from exercising her constitutional rights. To the contrary, the allegations indicate that Plaintiff has continually exercised her right to submit grievances and file lawsuits.

Plaintiff also alleges violations of her substantive due process rights. To prevail on a substantive due process claim challenging a state actor's conduct, "a plaintiff must establish as a threshold matter that he has a protected property interest to which the Fourteenth Amendment's due process protection applies." *Nicholas v. Pennsylvania State Univ.*, 227 F.3d 133, 139-40 (3d Cir. 2000). However, "not all property interests worthy of procedural due process protection are protected by the concept of substantive due process." *Reich v. Beharry*, 883 F.2d 239, 243 (3d Cir. 1989). The Third Circuit has explicitly determined that public employment is not a fundamental right entitled to substantive due process protection, holding that "public employment is a wholly state-created contract right; it bears little resemblance to other rights and property interests that have

---

[2]The Court does not consider the other acts referred to by Plaintiff, as they do not involve protected constitutional rights.

6

been deemed fundamental under the Constitution." *Nicholas*, 227 F.3d at 143. Hence, Plaintiff's substantive due process claim fails as a matter of law.

Based upon the foregoing analysis, the Court will grant Defendants' motion to dismiss the § 1983 claims.

## C. FMLA

The Second Amended Complaint alleges that Doyle and Fletcher violated the FMLA.[3] Plaintiff alleges that when Doyle became her supervisor in November 2009, he should have known based upon her personnel file, that she had been granted FMLA leave in the past to care for her disabled child. She alleges that Doyle, who did not review her file, did not select her for a position on December 2, 2009 because of her poor attendance record, even though he did not know the absences were based upon approved FMLA. Plaintiff alleges that on March 22, 2010, Fletcher made an entry in her performance plan in retaliation because Fletcher was unable regulate Plaintiff's FMLA approval and this resulted in the loss of a promotion. Plaintiff further alleges that on that same date, Fletcher demanded more information beyond what is authorized for FMLA requests, and on December 21, 2012, Fletcher denied Plaintiff's FMLA recertification request. Finally, Plaintiff alleges that Fletcher's acts prompted Doyle to recommend Plaintiff's termination for being in an unauthorized status. Defendants move to dismiss for failure to state a claim upon which relief may be granted, on the grounds that the unsupported allegations do not support a retaliation claim.

---

[3]Under the FMLA, an "employer" is "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer." 29 U.S.C. § 2611(4)(A)(ii)(I). Such language "plainly contemplates that liability for FMLA violations may be imposed upon an individual person who would not otherwise be regarded as the plaintiff's 'employer.'" *Haybarger v. Lawrence Cnty. Adult Prob. & Parole*, 667 F.3d 408, 413 (3d Cir. 2012). "[T]his language means that an individual is subject to FMLA liability when he or she exercises 'supervisory authority over the complaining employee and was responsible in whole or part for the alleged violation' while acting in the employer's interest." *Id.* at 417.

7

"The primary purposes of the FMLA are to 'balance the demands of the workplace with the needs of families' and to entitle employees to take reasonable leave for medical reasons.'" *Callison v. City of Phila.*, 430 F.3d 117, 119 (3d Cir. 2005) (quoting 29 U.S.C. § 2601(b)(1) and (2)). To establish a retaliation claim under the FMLA, a "plaintiff must prove that (1) she invoked her right to FMLA-qualifying leave, (2) she suffered an adverse employment decision, and (3) the adverse action was causally related to her invocation of rights." *Lichtenstein v. University of Pittsburgh Med. Ctr.*, 691 F.3d 294, 301-02 (3d Cir. 2012) (internal citation omitted).

When asserting a FMLA retaliation claim, "a plaintiff must show 'that a reasonable employee would have found the challenged actions "materially adverse" in that they 'well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Burton v. Pennsylvania State Police*, 990 F. Supp. 2d 478, 509 (M.D. Pa. 2014) (citing *Moore v. City of Phila.*, 461 F.3d 331, 341 (3d Cir. 2006)) (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)); *see also Grosso v. Federal Express Corp.*, 467 F. Supp. 2d 449, 459 (E.D. Pa. 2006) ("Thus, this Court concludes that Burlington Northern provides guidance in determining whether plaintiff was subject to an "adverse employment action [under the FMLA]").

Plaintiff's claims against Doyle fail to state a claim upon which relief may be granted. The Second Amended Complaint alleges that when Doyle became her supervisor he should have known that, in the past, she was approved leave under the FMLA, and further that Doyle did not select her for a position due to her poor attendance record – even though he did not know that her absences were FMLA approved. In both instances, as alleged, Doyle had no knowledge of leave taken by Plaintiff under the FMLA and, therefore, her claims do not meet the elements of a FMLA claim. Therefore, the Court will dismiss the FMLA retaliation claims raised against Doyle.

Plaintiff makes a conclusory claim against Fletcher that she was not promoted, based upon an alleged retaliatory entry made by Fletcher in Plaintiff's March 22, 2010 performance plan because Fletcher was unable to regulate Plaintiff's FMLA approval. The Court reviewed the performance plan, attached as an exhibit to the Second Amended Complaint. It includes the benign (and non-retaliatory) entry, "minimize unplanned and unscheduled work absences, extended breaks, tardies and early leaves." The allegations fail to state a claim and, therefore, the Court will grant Defendants' motion to dismiss this claim.

The Court will also dismiss the claim that Fletcher demanded more information beyond what is authorized for FMLA requests. This dispute is discussed in an email attached as an exhibit to the Second Amended Complaint. The Court reviewed the email and it does not support a claim for violation of the FMLA. Therefore, the Court will grant the motion to dismiss this claim.

The last two claims raised against Fletcher are that she denied Plaintiff's FMLA recertification request and that Fletcher's acts prompted Doyle to recommend Plaintiff's termination for being in an unauthorized status. These claims are pled in a conclusory manner and will be dismissed. However, since it appears plausible that Plaintiff may be able to articulate a FMLA claim against Fletcher, she will be given one final opportunity to amend these last two claims to cure the pleading defects. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. Dec. 6, 2007) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

**D.    ADA**

The Second Amended Complaint alleges that Plaintiff's employment was terminated in violation of the ADA and that she exhausted her rights "in accordance with the ADA when she filed an appeal" of the denial of her claim for unemployment insurance benefits in the Superior

9

Court of the State of Delaware. Defendants move for dismissal on the grounds that the Second Amended Complaint fails to establish a prima facie case and Plaintiff failed to exhaust her administrative remedies.

Section 12203 of Title V of the ADA prohibits retaliation "against any individual because such individual has opposed any act or practice made unlawful by [the ADA]." 42 U.S.C. §§ 12101-12213. Retaliation under the ADA requires facts that could establish that: (1) Plaintiff was engaged in protected conduct; (2) an adverse action was taken by Defendants; and, (3) there is a causal link between the protected conduct and the adverse action. *See Cottrell v. Good Wheels*, 458 F. App'x 98, 100-01 (3d Cir. Jan. 23, 2012) (citing *Williams v. Philadelphia Hous. Auth. Police Dep't*, 380 F.3d 751, 757 (3d Cir. 2004)). A Plaintiff is required to exhaust his or her administrative remedies prior to bringing a suit under the ADA. *See Overby v. Boeing Global Staffing*, 571 F. App'x 118, 119 (3d Cir. July 8, 2014); *see also Robinson v. Dalton*, 107 F.3d 1018, 1020 (3d Cir. 1997) (stating basic tenet of administrative law is that all administrative remedies must first be exhausted in order to promote efficiency, respect administrative autonomy, provide courts with benefit of agency's expertise, and serve judicial economy).

To properly exhaust the administrative remedies under the ADA, a plaintiff must follow the administrative procedures set forth in Title VII, 42 U.S.C. § 2000e-5. *See Churchill v. Star Enter.*, 183 F.3d 184, 190 (3d Cir. 1999). Here, Plaintiff alleges that she exhausted administrative remedies when she filed an appeal of a ruling by the Delaware Department of Labor's Unemployment Insurance Board. The appeal does not suffice to properly exhaust Plaintiff's administrative remedies

10

as set forth under Title VII. Therefore, the Court will grant the motion to dismiss the ADA claims

for Plaintiff's failure to exhaust her administrative remedies.[4]

## V.    CONCLUSION

For the above reasons, the Court will grant Defendants' motion to dismiss. All claims are

dismissed. Plaintiff will be given leave to amend only the following FMLA claims raised against

Fletcher: that Fletcher denied Plaintiff's FMLA recertification request and that Fletcher's acts

prompted a recommendation for Plaintiff's termination for being in an unauthorized status. This is

Plaintiff's final opportunity to amend.

An appropriate Order will be entered.

---

[4]The Court need not address Defendants' position that Plaintiff failed to state a prima facie
case under the ADA.