# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TUESDAY S. BANNER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 14-691-LPS |
| | : | |
| GENELLE FLETCHER, | : | |
| | : | |
| Defendant. | : | |

Tuesday S. Banner, New Castle, Delaware, Pro Se Plaintiff.

Lauren E. Maguire, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendant.

## MEMORANDUM OPINION

March 19, 2018
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Tuesday S. Banner ("Plaintiff") proceeds *pro se* and was granted leave to proceed *in forma pauperis*. She filed this action pursuant to 42 U.S.C. § 1983, alleging retaliation for filing an anti-discrimination claim, and has amended several times to allege violations of the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA"), the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA"), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). (D.I. 2, 6, 33) On March 17, 2017, the Court dismissed the Second Amended Complaint and gave Plaintiff leave to amend FMLA claims against Defendant Genelle Fletcher ("Defendant"). (D.I. 46, 47) Plaintiff filed a Third Amended Complaint on April 12, 2017. (D.I. 49) Presently before the Court is Defendant's motion to dismiss, which Plaintiff opposes. (D.I. 51, 55, 56) For the reasons that follow, the Court will grant in part and deny in part the motion to dismiss.

## II. BACKGROUND

On March 17, 2017, Plaintiff was given leave to amend FMLA claims against Defendant. The Third Amended Complaint alleges wrongful acts occurring December 2, 2009 to December 31, 2014 that resulted in the termination of Plaintiff's employment.

## III. LEGAL STANDARDS

Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Third Amended Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). Defendant moves for dismissal pursuant to Rules 12(b)(1) and 12(b)(6).

1

### A. Rule 12(b)(1)

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits the dismissal of an action for "lack of subject matter jurisdiction." A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction. *See Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). A facial attack contests the sufficiency of the pleadings, whereas a factual attack contests the sufficiency of jurisdictional facts. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). When considering a facial attack, the Court accepts the plaintiff's well-pleaded factual allegations as true and draws all reasonable inferences from those allegations in the plaintiff's favor. *See In re Horizon Healthcare Services Inc. Data Breach Litigation*, 846 F.3d 625, 633 (3d Cir. 2017). When reviewing a factual attack, the court may weigh and consider evidence outside the pleadings. *See Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).

### B. Rule 12(b)(6)

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__,

2

135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Iqbal*, 556 U.S. at 678 and *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

## IV. DISCUSSION

### A. Timeliness

Plaintiff was given 21 days from March 17, 2017 to file a third amended complaint. (D.I. 47)

Plaintiff filed the Third Amended Complaint on April 12, 2017, five days after the 21-day deadline. (D.I. 49) Defendant moves to dismiss the Third Amended Complaint as untimely filed.

Plaintiff indicates that she calculated the 21-day deadline from the date she received the order, rather than from the date the order was signed. Plaintiff incorrectly calculated the deadline for filing the Third Amended Complaint. However, Plaintiff proceeds *pro se*, and the Court will not penalize her for this mistake. Therefore, the Court will deny the motion to dismiss as untimely filed.

### B. Eleventh Amendment Immunity

Defendant moves to dismiss the claims raised against her in her official capacity based upon Eleventh Amendment immunity. The Court has already ruled on the issue of Eleventh Amendment immunity and sees no need to once again address the issue. As previously determined on March 10, 2016 and March 17, 2017, Defendant, in her official capacity, is entitled to sovereign immunity with respect to Plaintiff's claims filed pursuant to the FMLA. (*See* D.I. 31, 32, 46, 47) Therefore, the Court will grant the motion to dismiss the claims raised against Defendant in her official capacity.

### C. ADA

The Third Amended Complaint raises ADA claims against Defendant. The Court dismissed all ADA claims raised by Plaintiff in the Second Amended Complaint for failure to exhaust her administrative remedies. (D.I. 46, 47) Plaintiff was not given leave to amend this claim. Therefore, the Court will grant the motion to dismiss the ADA claims for Plaintiff's failure to exhaust her administrative remedies.

### D. FMLA

The Third Amended Complaint alleges that Defendant[1] violated the FMLA on December

---

[1]Under the FMLA, an "employer" is "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer." 29 U.S.C. § 2611(4)(A)(ii)(I). Such language "plainly contemplates that liability for FMLA violations may be imposed upon an

4

21, 2012, when she denied Plaintiff's FMLA recertification request. Plaintiff also alleges that Defendant's acts prompted Robert Doyle ("Doyle"), Plaintiff's supervisor, to recommend Plaintiff's termination for being in an unauthorized status. Defendant moves to dismiss for failure to state a claim upon which relief may be granted on the grounds that the allegations do not state a retaliation claim.

"The primary purposes of the FMLA are to 'balance the demands of the workplace with the needs of families' and to entitle employees to take reasonable leave for medical reasons.'" *Callison v. City of Phila.*, 430 F.3d 117, 119 (3d Cir. 2005) (quoting 29 U.S.C. § 2601(b)(1) and (2)). To establish a retaliation claim under the FMLA, a "plaintiff must prove that (1) she invoked her right to FMLA-qualifying leave, (2) she suffered an adverse employment decision, and (3) the adverse action was causally related to her invocation of rights." *Lichtenstein v. University of Pittsburgh Med. Ctr.*, 691 F.3d 294, 301-02 (3d Cir. 2012) (internal citation omitted).

When asserting a FMLA retaliation claim, "a plaintiff must show 'that a reasonable employee would have found the challenged actions "materially adverse" in that they 'well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Burton v. Pennsylvania State Police*, 990 F. Supp. 2d 478, 509 (M.D. Pa. 2014) (citing *Moore v. City of Phila.*, 461 F.3d 331, 341 (3d Cir. 2006)) (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)).

Plaintiff alleges that Defendant denied Plaintiff's FMLA recertification request and that Defendant's acts prompted a recommendation of Plaintiff's employment termination for being in an

---

individual person who would not otherwise be regarded as the plaintiff's 'employer.'" *Haybarger v. Lawrence Cnty. Adult Prob. & Parole*, 667 F.3d 408, 413 (3d Cir. 2012). "[T]his language means that an individual is subject to FMLA liability when he or she exercises 'supervisory authority over the complaining employee and was responsible in whole or part for the alleged violation' while acting in the employer's interest." *Id.* at 417.

5

unauthorized status. While the allegations are somewhat difficult to decipher, the Court considers Plaintiff's *pro se* status as well as the exhibits attached to the Third Amended Complaint, some of which could lend support to her claims. The Court has a duty to liberally construe the pleadings of a *pro se* litigant such as Plaintiff. The Court does so in this instance and, therefore, will deny Defendant's motion to dismiss the FMLA claims.

### E. Qualified Immunity

"The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (citation and quotation marks omitted). The question of "whether an officer made a reasonable mistake of law and is thus entitled to qualified immunity is a question of law that is properly answered by the court, not a jury." *Curley v. Klem*, 499 F.3d 199, 211 (3d Cir. 2007). Still, "it is generally unwise to venture into a qualified immunity analysis at the pleading stage as it is necessary to develop the factual record in the vast majority of cases." *Newland v. Reehorst*, 328 F. App'x 788, 791 n.3 (3d Cir. May 12, 2009). A full analysis of whether qualified immunity applies to Plaitiff's claims against Defendant is premature given there are unresolved questions of fact relevant to the analysis.

Therefore, the Court will deny the motion to dismiss on the grounds of a qualified immunity defense at this stage of the litigation, without prejudice to Defendant's ability to raise the defense later.

## V. CONCLUSION

For the above reasons, the Court will grant in part and deny in part Defendant's motion to dismiss (D.I. 51). The matter proceeds on the FMLA claims against Defendant in her individual capacity. All other claims are dismissed.

An appropriate Order will be entered.