IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TUESDAY S. BANNER, | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 14-691-LPS |
| GENELLE FLETCHER, | : | |
| Defendant. | : | |

Tuesday S. Banner, New Castle, Delaware, Pro Se Plaintiff.

Carla Anne Kingery Jarosz, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendant.

## MEMORANDUM OPINION

March 13, 2019
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Tuesday S. Banner. ("Plaintiff") proceeds *pro se* and was granted leave to proceed *in forma pauperis*. She filed this action pursuant to 42 U.S.C. § 1983, alleging retaliation for filing an anti-discrimination claim, and has amended several times to allege violations of the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA"), the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA"), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). (D.I. 2, 6, 33) The matter proceeds on the Third Amended Complaint and the only claim that remains arises under the FMLA. (*See* DI. 57, 58) Pending is Plaintiff's request for joinder of defendants, construed as a motion for leave to amend, and her motion to stay discovery. (D.I. 62, 72) For the reasons that follow, the Court will deny the motion for leave to amend and will deny as moot the motion to stay discovery.

## II. BACKGROUND

The Third Amended Complaint alleges wrongful acts occurring December 2, 2009 to December 31, 2014 that resulted in the termination of Plaintiff's employment. On March 17, 2017, the Court dismissed the Second Amended Complaint and gave Plaintiff leave to amend only as to FMLA claims against Defendant Genelle Fletcher ("Defendant"). (D.I. 46, 47) In allowing Plaintiff to amend, the Court stated, "This is Plaintiff's final opportunity to amend." (D.I. 46 at V)

In accordance with the order, Plaintiff filed a Third Amended Complaint on April 12, 2017. (D.I. 49) Defendant moved to dismiss and, on March 19, 2018, the Court granted in part and denied in part the motion. (D.I. 57, 58) The matter proceeds on the FMLA claims against Defendant in her individual capacity. (D.I. 57 at V) All other claims are dismissed. (*Id.*)

1

On April 25, 2018, the Court issued a scheduling order, setting a May 25, 2018 deadline to join other parties and amend pleadings and a discovery deadline of December 21, 2018. (D.I. 60) On May 25, 2018, Plaintiff filed a motion for joinder, construed as a motion to amend. (D.I. 62) A proposed fourth amended complaint seeks to reinstate previously dismissed defendants and claims and seeks to add a new defendant. (D.I. 62-1) Defendant opposes. On October 26, 2018, Plaintiff filed a motion to stay discovery pending disposition of her motion to amend or to extend discovery deadlines. (D.I. 72) Defendant does not oppose the motion to stay discovery provided that the dispositive motion deadline is adjusted in kind. (D.I. 73) On December 13, 2018, the Court entered an order that extended the discovery deadline and the dispositive motion deadline. (*See* D.I. 76)

## III. REQUEST FOR JOINDER/MOTION TO AMEND

Pursuant to Fed. R. Civ. P. 15(a)(2), courts "should freely give leave [to amend] when justice so requires." However, "undue delay, bad faith, dilatory motive, prejudice, [or] futility" could all "justify a denial of leave to amend." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted" under the standard of Federal Rule of Civil Procedure 12(b)(6). *Lejon-Twin El v. Marino*, 722 F. App'x 262, 265 (3d Cir. Jan. 8, 2018) (quoting *Shane*, 213 F.3d at 115). In evaluating whether a plaintiff has stated a claim upon which relief could be granted, the court accepts "all factual allegations as true, construes the complaint in the light most favorable to the plaintiff, and determines whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Bronowicz v. Allegheny Cty.*, 804 F.3d 338, 344 (3d Cir. 2015) (internal quotation marks omitted).

It seems that Plaintiff seeks to join parties or amend in reliance on the April 25, 2018 scheduling order, which gave the parties a May 25, 2018 deadline to join parties or amend pleadings.

2

Plaintiff seeks to reinstate previously-dismissed defendants and to add a new defendant. She seeks to amend, under the guise of joinder, "in the interest of justice and convenience to the Court and all parties to this litigation." (D.I. 62)

Plaintiff has been given numerous opportunities to amend her pleadings to correct pleading deficiencies. Each time, the Court explained why certain Defendants and claims against them were subject to dismissal. The Court sees no need to reiterate its analysis. Nor is it required to give Plaintiff leave to amend once again. Indeed, the Court advised Plaintiff on March 17, 2017, she was being given a final opportunity to amend, which she subsequently did on April 12, 2017. The deadline provided in the April 25, 2018 scheduling order did not erase all of this history or the Court's previous holdings.

In any event, a review of Plaintiff's filings indicates that amendment is futile. It is well-settled that the Court may deny a request for leave to amend where there is "repeated failure to cure deficiencies by amendments previously allowed" the latest proposed amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

In addition, pursuant to D. Del. LR 15.1(b), when seeking to amend, the proposed amended pleading shall indicate in what respect it differs from the pleading which it amends, by bracketing or striking through materials to be deleted and underlining materials to be added. Plaintiff did not comply with the local rules. The 32-page proposed amendment is actually four separate complaints that are labeled as an amended complaint. The proposed amendment does not indicate in what respect it differs from the pleading which it amends, does not contain all pleadings in a single document, and does not comply with the local rules.

Therefore, the Court will deny the request for joinder construed as a motion to amend. (D.I. 62)

## IV. DISCOVERY

Plaintiff requests either a stay of discovery or an extension of discovery deadlines. (D.I. 72) On December 13, 2018, the Court entered an order that extended the discovery deadline and the dispositive motion deadline. (*See* D.I. 76) Accordingly, Plaintiff's motion will be denied as moot.

## V. CONCLUSION

For the above reasons, the Court will: (1) deny Plaintiff's request for joinder, construed as a motion for leave to amend (D.I. 62); and (2) deny as moot Plaintiff's motion to extend discovery deadlines (D.I. 72).

An appropriate Order will be entered.